UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL J. RICE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-6245** |
| **HANOVER INSURANCE COMPANY** | **SECTION  "I" (3)** |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Enforce Settlement which was referred to the undersigned for an evidentiary hearing, if necessary, and for findings and recommendation.[1] Having considered the record, the submissions of the parties, the settlement on the record ("SOR"), arguments/evidence adduced at the April 15, 2009 hearing and the applicable law, and for the following reasons, IT IS RECOMMENDED that Hanover Insurance Company's Motion to Enforce Settlement (Rec. Doc. #70) be GRANTED.

---

[1] Order of Reference dated March 17, 2009 (Rec. Doc. #72).

Defendant, Hanover Insurance Company, moves to enforce a settlement agreement which was dictated on the record in open court.[2] The sole issue in dispute were certain terms set forth in the receipt and release which Hanover Insurance Company tendered to the plaintiff for signature along with a draft in the amount agreed upon by the parties. Pursuant to the April 15, 2009 hearing, the Court reviewed said terms, all of which are routine.

Louisiana substantive law controls in this action, based on diversity jurisdiction, involving the interpretation of an insurance policy issued in Louisiana for property located in Louisiana.[3] Therefore, Louisiana Civil Code Article 3071 governs the enforcement of the subject settlement agreement.

Article 3071 provides that an agreement is enforceable if 1) it has been reduced to writing; or 2) it has been recited in open court and is capable of being transcribed from the record of the proceedings. La. Civ. Code Art. 3071. The facts of this case fit neatly within the requirements of Article 3071's second category.[4] Accordingly, the Settlement on the Record ("SOR") is unquestionably sufficient to meet the writing requirement set forth in Article 3071.

The aforesaid SOR was the result of settlement negotiations conducted by the undersigned.[5] Plaintiff was advised and fully understood the terms; he was given the opportunity to question the terms stated on the record. Indeed, the only anticipated delay in consummating

---

[2] *See* Hanover Insurance Company's Motion to Enforce and Memorandum in Support [Rec. Doc. #70]; Transcript of Settlement on Record (SOR) conducted by the undersigned in the captioned cause on May 12, 2008 [Rec. Doc. #70-3].

[3] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir.2007) (*citing Erie R Co. v. Tompkins*, 304 U.S. 64, 78 (1938)) (additional citations omitted).

[4] *See* Transcript of the Settlement on Record [Rec. Doc. #70-3]

[5] *See* Minute Entry dated June 12, 2008 [Rec. Doc. # 65].

the settlement envisioned by the parties, their counsel and the Court at the time of the SOR was "Road Home" approval, which has in fact materialized. It is the opinion of the undersigned Magistrate Judge that the requirements set forth by Louisiana law under Article 3071 have been fully satisfied in this case. Moreover, Hanover has agreed to redact one of the confidentiality provisions from the Release document.

There was a meeting of the minds regarding the sum in question and Hanover Insurance Company is entitled to enforce this *written* settlement agreement under the prevailing law. The fact that plaintiff has had second thoughts and now refuses to execute any release -- except one that will allow him to wage war via press release against the defendant and with its blessing -- has no bearing on whether a valid settlement agreement was confected under the applicable law.

## RECOMMENDATION

Accordingly and for all of the aforesaid reasons,

**IT IS RECOMMENDED** that Hanover Insurance Company's Motion to Enforce Settlement # 70 be GRANTED.

## Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences

will result from a failure to object. *See Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

New Orleans, Louisiana, this 4th day of May, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**